UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| FREDDIE COUFAX SWAGGERTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:20-CV-129 |
| ) | 2:15-CR-057 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Before the Court is Freddie Coufax Swaggerty's ("Petitioner's") counseled motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 72].[1] The United States has responded in opposition [Doc. 8], and Petitioner filed a reply [Doc. 9]. Petitioner also filed a supplement to his motion following a United States Supreme Court decision [Doc. 12] to which the United States has responded [Doc. 13]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 72] will be **DENIED**.

### I. BACKGROUND

In May 2015, Petitioner was charged in a two-count indictment pertaining to being a felon in possession of firearms and ammunition. [Crim. Doc. 3]. On May 17, 2016, Petitioner's 2-day trial began. [Crim. Doc. 37]. During the trial, several witnesses,

---

[1] Document numbers not otherwise specified refer to the civil docket.

including Petitioner, testified that Petitioner possessed firearms and had prior felony convictions. [Crim. Doc. 46, pp. 3-4]. After the trial, the jury found Petitioner guilty on both counts of the indictment. [Crim. Doc. 42].

The Presentence Investigation Report ("PSR") calculated a total offense level of 33 and a criminal history category of IV, resulting in a guideline range of 188 to 235 months. [Crim. Doc. 46, ¶ 62]. The PSR also noted that Petitioner faced a statutory mandatory minimum term of 15 years' imprisonment. [*Id.* at ¶ 61].

Neither party filed objections to the PSR, but Petitioner, through counsel, filed a memorandum in support of his oral Second Amendment Motion made at trial. [Crim. Doc. 49]. Petitioner argued that the current *mens rea* requirement and the strict liability standard applied to the crime violated Petitioner's Second Amendment rights and argued that a higher culpable state of mind should be required for conviction. [*Id.*]. Petitioner referenced the jury's lengthy deliberations, the jury's initial deadlock, and the jury's obvious concern and confusion of the "knowingly" element as reasons that the current *mens rea* requirements were confusing and unfair. [*Id.*]. Petitioner also argued that states had drastically different laws pertaining to restoration and loss of gun rights which create a "crazy quilt" of laws that cannot comport to due process on such a fundamental right given in the Second Amendment. [*Id.*].

The United States filed a sentencing memorandum wherein it concurred that the correct advisory guideline calculation, after inclusion of Petitioner's prior seven predicate felony convictions qualifying him for Armed Career Criminal Career Act status, was a

2

Case 2:20-cv-00129-RLJ   Document 14   Filed 06/13/22   Page 2 of 9   PageID #: 48

minimum of 188 months to a maximum of Life imprisonment and requested a sentence within the Advisory Guidelines range in the PSR. [Crim. Doc. 53].

On October 25, 2016, the Court sentenced Petitioner to a total of 188 months' imprisonment and then five years of supervised release. [Crim. Doc. 58]. Petitioner filed an appeal [Crim. Doc. 61], which was denied on October 18, 2017 [Crim. Doc. 66]. Petitioner filed for a writ of certiorari on January 22, 2018 [Crim. Doc. 70], which was denied on June 19, 2018 [Crim. Doc. 71]. On June 18, 2020, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v.*

*Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

## III. ANALYSIS

As an initial matter, Petitioner raises one claim in this § 2255 motion: that the Supreme Court ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2020) necessitates vacating Petitioner's sentence because the Court erred in instructing the jury as to the knowledge requirement and that error was not harmless.[2] [Docs. 1 & 12; Crim. Doc. 72]. The United States responds that any error was harmless because Petitioner did not allege that he did not know he was a felon as required in *Rehaif*, but rather only alleged that the Government did not prove that Petitioner knew he was not allowed to possess a firearm. [Docs. 8 & 13].

The Court first notes that, although not contested by the United States, Petitioner's motion is untimely. The criminal judgment against Petitioner was entered on October 28, 2016, [Crim. Doc. 58] and Petitioner filed the instant motion on June 18, 2020. [Doc. 1; Crim. Doc. 72]. The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(1), (f)(3). Petitioner filed an appeal and a writ of certiorari to the Supreme Court, which was denied on June 19, 2018, making Petitioner's conviction final on that date. [Crim. Doc. 71].

---

[2] Petitioner also raised a structural error claim but abandoned that claim in his supplemental brief based on the ruling in *Greer v. United States*, 141 S. Ct. 2090 (2021).

Under the third provision, the statute of limitations may commence on the date a right has been newly recognized by the Supreme Court and made retroactive. Petitioner appears to rely on *Rehaif* as newly recognizing the right involved in his claim. *Rehaif* was decided on June 21, 2019, therefore, if *Rehaif* did in fact newly recognize a right that is retroactive on collateral review, petitioner's June 18, 2020, motion is timely.

"While the Sixth Circuit has not yet addressed *Rehaif's* application under § 2255(f)(3)," many courts in this Circuit have found "that the Supreme Court has not said that *Rehaif* applies retroactively." *United States v. Stevenson*, No. 17-cr-251, 2021 WL 4987610, *1 (N.D. Ohio Oct. 27, 2021). As this district has explained, *Rehaif* "merely 'clarified' the felon-in-possession statute, it did not announce a new rule of constitutional law that is retroactive on collateral review." *Prather v. United States*, Nos. 3:19-cv-127, 3:17-cr-132, 2021 WL 1721848, at *5 (E.D. Tenn. Apr. 30, 2021); *Davis v. United States*, No. 1:13-CR-95, 2022 WL 841332, at *4 (E.D. Tenn. Mar. 21, 2022).

This Court agrees with the majority of courts in this Circuit that *Rehaif* did not announce a new rule of constitutional law that is retroactive on collateral review, and instead, merely clarified the felon-in-possession statute. Petitioner, thus cannot rely on the date of the *Rehaif* decision to render his claim, filed about two years after Petitioner's judgment became final, timely. Accordingly, Petitioner's claim will be **DENIED** as untimely. However, Petitioner's claim alternatively fails on its merits.

An error is harmless when the government demonstrates "beyond a reasonable doubt" that "a reasonable jury would have reached the same verdict without the error." *United States v. Maslenjak*, 943 F.3d 782, 786 (6th Cir. 2019). The law simply does

not require that the Government prove that Petitioner knew his possession of a firearm was unlawful. Rather, *Rehaif* only requires proof that Petitioner "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. *Rehaif* does not require knowledge of the law, but the facts underlying the law. *Id*; *see, e.g.*, *United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) ("*Rehaif*'s discussion of 'the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse' makes doubly clear that § 922(g) requires knowledge only of status, not knowledge of the § 922(g) prohibition itself."); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code."); *Matthews v. United States*, No. 19-2091, 2020 WL 2614619 (6th Cir. Jan. 6, 2020) (government is not required to prove defendant knew he was prohibited from possessing firearms to obtain § 922(g) conviction after *Rehaif*).

  Here, Petitioner had eleven prior felony convictions and did not dispute at trial that he was a felon. Instead, Petitioner argued that he did not know he was not allowed to possess firearms even though he was a felon. *See United States v. Conley*, 802 F. App'x. 919, 923, (6th Cir. Feb. 5, 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."); *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) ("In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb. . .based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind

7

of thing that one forgets.") (internal citations omitted). The overwhelming evidence of Petitioner's eleven prior felonies and his statements at trial strongly suggest that Petitioner knew he was a felon when he possessed the firearms. Thus, any error in the jury instructions, in the answers to the jury's questions, or in the indictment was harmless.

Accordingly, Petitioner's § 2255 claim will be **DENIED** as untimely and, alternatively, on the merits.

IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 72] will be **DENIED** and **DISMISSED**.

V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the

8

dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge